IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ASSOCIATED ENERGY GROUP, LLC, a
Texas limited liability company,

        Plaintiff,

vs.

REPUBLIC OF ANGOLA, a foreign state;
ANGOLAN AIR FORCE, an agency or
instrumentality of the Republic of Angola,

        Defendants.
_____/

CIVIL ACTION NO.:

## COMPLAINT

Plaintiff, ASSOCIATED ENERGY GROUP, LLC ("AEG"), by and through undersigned counsel, sues Defendants, the REPUBLIC OF ANGOLA ("Angola") and the ANGOLAN AIR FORCE ("AAF") (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1. This is a civil suit brought by AEG against (i) Angola, a foreign state and (ii) AAF, an agency or instrumentality of Angola, each of which are not immune from this suit under the Foreign Sovereign Immunities Act, 28 U.S.C § 1602 *et seq*. ("FSIA"). The gravamen of this action is a claim by AEG to recover damages in excess of US $563,697.99 due and owing to AEG by Defendants and arising from the Defendants' breach of their agreement with AEG for the sale and delivery of aviation fuel and services by AEG to AAF, an agency of Angola (hereinafter "Agreement"). The Agreement is confirmed by the respective AEG invoices ("Invoices"), which were provided to AAF for payment, and by AEG's General Terms and Conditions, which are expressly incorporated to the Agreement by the Invoices. Defendants have materially and

repeatedly defaulted on their payment obligations to compensate AEG for the fuel and services provided and invoiced by AEG , through its agent PUMA ENERGY MOZAMBIQUE, LDA (hereinafter "Puma"), from July 30, 2021 and through August 31,2021. The total amount due and owing for fuel and services sold and delivered currently exceeds US $563,697.99. AAF, Puma and AEG negotiated and agreed to place the orders for refueling of AAF's aircraft at Maputo, Mozambique. AAF agreed that it was purchasing the aviation fuel from AEG through Puma, and the fuel and service were provided as requested by AAF. In turn, AAF has failed and refused to pay for the fuel and services, in breach of the Agreement. Based on the Defendants' repeated failures to comply with their obligations, AEG seeks this Court's intervention and relief to fully compensate AEG for the losses and damages it has sustained.

## THE PARTIES

2. Plaintiff, Associated Energy Group, LLC, is a limited liability company that has been at all times pertinent hereto organized and existing under the laws of the State of Texas, and registered to do business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. Defendant, Republic of Angola, is a "foreign state" within the meaning of 28 U.S.C. §1603(a).

4. Defendant, Angolan Air Force, is an "agency or instrumentality" of Angola pursuant to 28 U.S.C. § 1603 (b) because it is (1) a separate legal person, (2) an organ or political subdivision of the foreign state, and (3) not a citizen of any state of the United States as set forth under 28 U.S.C. § 1332(c). Accordingly, AAF is a "foreign state" pursuant to 28 U.S.C. § 1603(a), which, by definition, includes an "agency or instrumentality of a foreign state" as defined under 28 U.S.C. § 1603(b).

2

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1330(a), which provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state" within the meaning of 28 U.S.C. § 1603(a).

6. Accordingly, this Court has jurisdiction over Angola pursuant to 28 U.S.C. §1330(a) and 28 U.S.C. § 1603(a).

7. This Court has jurisdiction over AAF pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1603(b).

8. Defendants are not immune from the jurisdiction of this Court in this case under 28 U.S.C. § 1604 for the following reasons:

a. Pursuant to 28 U.S.C. § 1605(a) (1), Angola and AAF have explicitly waived immunity;

b. Pursuant to 28 U.S.C. § 1605(a) (2), Angola and AAF were obligated to perform an act in the United States in connection with a commercial activity elsewhere; and

c. Also pursuant to 28 U.S.C. § 1605(a)(2), Defendants have taken acts outside the territory of the United States in connection with a commercial activity, and said acts have caused a direct effect in the United States.

9. Angola and AAF have explicitly waived immunity from the jurisdiction of this Court for purposes of 28 U.S.C. § 1605(a) (1) pursuant to AEG's Terms and Conditions.

10. Specifically, paragraph 27 of the AEG Terms and Conditions, regarding "Governing Law, Jurisdiction and Venue" provides as follows:

**DUANE MORRIS LLP**
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

"By its receipt of AEG's Services or Fuel, Customer consents to resolving any dispute arising hereunder within laws of the State of Florida, or the State of Texas, USA, at AEG's sole option."

11. Angola and AAF are likewise not immune from the jurisdiction of this Court because they were obligated to perform an act in this district (Miami, Florida) pursuant to a commercial activity between the AAF and AEG (the purchase and payment of aviation fuel and services) elsewhere, in Maputo, Mozambique. Under the Agreement, AEG headquartered in Miami, Florida, supported the AAF's flight activities by the sale of fuel and services in Maputo, Mozambique, and issued, refueling Invoices for twenty-one (21) uplifts that were specifically for the AAF under the parties' Agreement. Accordingly, the fuel and services at issue were provided by AEG to the AAF aircraft to support the commercial activities of the AAF and Angola for the air defense of Angola.

12. Specifically, Angola and AAF agreed and were obligated to make payments to AEG in the U.S. and expressly agreed to jurisdiction and venue in Miami-Dade County, Florida. As agreed between AAF and AEG, the AEG Terms and Conditions are biding and govern all sales and delivery of fuel by AEG. Paragraph 8 of the AEG Terms and Conditions provide that "[a]ll payments to AEG shall be made in U.S. Dollars, regardless of what denomination is set forth in any invoice, payable to the account of AEG as set forth and/or indicated on any applicable invoice."

13. Defendants are not immune from the jurisdiction of this Court because they undertook acts that caused a direct effect in the United States, specifically as follows:

4

  a. Angola and AAF agreed and were obligated to make payments to compensate AEG for its contractually provided fuel and services in Maputo, Mozambique, to AAF aircraft, and said payments would have a direct and material effect on AEG in the United States;

  b. Angola and AAF failed to make payments and failed to compensate AEG for its contractually provided fuel and services, through Puma, acting as AEG'S representative, and said failures had a direct and material effect on AEG in the United States.

  14. Supplemental jurisdiction exists over the state law causes of action pursuant to 28 U.S.C. § 1367.

  15. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2) and 28 U.S.C. § 1391(f)(1), in that a substantial and material part of performance is due to AEG in the U.S. and pursuant to the venue provision in the AEG Terms and Conditions which indicated Miami-Dade, Florida as the venue.

  16. Defendants are subject to service of process pursuant to 28 U.S.C. § 1608.

  17. AEG has suffered damages as a direct result of the acts and omissions by Defendants asserted in this Complaint in excess of US $ 563,697.99.

## FACTUAL BACKGROUND

  18. AEG is an aviation fuel and services provider which delivers fuel and service to a variety of corporate, commercial, Fixed Based Opeator ("FBO"), and government clients at 3000+ locations around the world.

  19. AEG, headquartered in Miami, USA, supports the AAF's activities outside of Angola.

20. On February 1, 2022, PUMA ENERGY MOZAMBIQUE, LDA ("Puma"), acting as AEG'S representative, invoiced the AAF for the total due for twenty-one (21) uplifts performed by AEG between July 30, 2021 and August 31, 2021 ("Invoice")

21. At the time of the purchase and delivery of the aviation fuel, AAF, Puma, and AEG negotiated and agreed to the transaction, wherein Puma agreed to supply aviation fuel as an AEG's agent, Puma invoiced AAF, at AAF's request. However, AAF agreed and acknowledged that it was purchasing the aviation fuel directly from AEG.

22. After the fuel at issue here was provided to and received by the AAF on February 1, 2022, Puma, on behalf AEG, invoiced AAF for the furnished services and fuel, as confirmed by the fuel tickets schedule attached hereto as **Exhibit "A."** which are payable on or before the uplift date specified in each ticket.

23. Additionally, pursuant to the "Assignment of Accounts Receivable" (hereinafter "the Assignment") between Puma and AEG, attached hereto as **Exhibit "B."**, Puma assigned and transferred the "Accounts Receivable" to AEG for the aviation fuel sold to AAF, as well as all pertinent legal rights, privileges, remedies, claims, and benefits thereto. Thereafter, AEG invoiced the AAF for the fuel sale and delivery. See a true and correct copy of the invoice attached hereto as **Exhibit "C."**

24. Angola has recognized that it received the subject aviation fuel and that it has not paid any party for the fuel.

25. On January 7, 2022 the Angolan government officials and Puma's representatives held a meeting in which Angola admitted that AAF received the aviation fuel from AEG and agreed to pay for the aviation fuel at the unit price of 48,11 Meticais. Puma, based on this

agreement, issued the Invoice. *See* a true and correct copy of the transcript of the January 7, 2022 meeting and its translation to English attached hereto as **Composite Exhibit "D."**

26. Accordingly, AEG's Terms and Conditions, attached hereto as **Exhibit "E.",** are binding and govern all sales and delivery of fuel by AEG to its customers including AAF.

27. AAF is the registered owner of the aircraft to which the fuel was provided by AEG, as reflected on the Invoices.

28. Despite repeated demands by AEG and Puma to AAF, AAF has refused to meet its payment obligations.

29. At present, the balance of US $563,697.99 is due and owing by the AAF to AEG, plus interest, costs, late fees and attorney's fees.

30. As a result of AAF'S failure to pay AEG, AEG has suffered both general and special damages.

31. All conditions precedent to the maintenance of this civil action, if any, have occurred, been performed, or have been waived.

32. AEG has retained the undersigned attorneys to represent AEG in the prosecution of this action and is obligated to pay its attorneys their reasonable fees and expenses.

## CAUSES OF ACTION

### COUNT I –BREACH OF AGREEMENT
*Alleged Against AAF*

33. AEG incorporates and realleges paragraphs 1-32 as if fully set forth herein.

34. AEG and AAF entered into the Agreement whereby AEG agreed to sell and deliver fuel to EAF Aircraft, through AEG'S representative, Puma.

35. Puma assigned and transferred the "Accounts Receivable" to AEG for the aviation fuel sold to AAF, as well as all pertinent legal rights, privileges, remedies, claims, and benefits thereto. *See* **Exhibit "B."**.

36. All sales and delivery of jet fuel between AEG and EAF in this case are governed by the AEG biding General Terms and Conditions.

37. Pursuant to the Agreement governed by AEG General Terms and Conditions, invoices are payable on or before the due date specified in the invoice, and "any claims arising from any invoice must be delivered to AEG within ten (10) days of the invoice date, [and] in the event the customer fails to dispute the invoice within the ten (10) days, the invoice shall be deemed correct and payable."

38. By the delivery of fuel to AAF'S Aircraft and the payable Invoices billed to AAF, AAF is legally bound to make timely and sufficient payment pursuant to the AEG General Terms and Conditions.

39. AAF materially breached its obligations to make timely payments and has acknowledged their multiple breaches of the Agreement.

40. AEG complied with all of its obligations under the Agreement.

41. As a result of these breaches, AEG has suffered damages in the amount of US $563,697.99 ($35,980,843.57 Mozambican Metical), for sums due and owing under the Agreement, additional home office overhead and demobilization expense, travel and lodging in connection with the extension and the attempts to obtain payment, extraordinary audit costs, court costs and attorney's fees.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendant, ANGOLAN AIR FORCE, for compensatory damages in the amount of US

$563,697.99, for AAF'S breach of Agreement, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

### COUNT II – Goods Sold and Delivered
*Alleged Against All Defendants*

42.  AEG incorporates and realleges paragraphs 1-32 as if fully set forth herein.

43.  AAF and Angola both owe AEG amounts in excess of US $563,697.99 ($35,980,843.57 Mozambican Metical), plus interest and late fees, which was due ten (10) days of the date of each Invoice, for aviation fuel and services which AEG delivered to AAF and Angola.

44.  The price for the fuel delivered by AEG to AAF and Angola was agreed between the parties and the goods at issue were sold at a reasonable value. AAF and Angola both benefited from the fuel sold and delivered by AEG and, accordingly, owe AEG the total amount of US $563,697.99 ($35,980,843.57 Mozambican Metical), as set forth in the Invoices, which is past due, plus interest.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, ANGOLAN AIR FORCE and ARAB REPUBLIC OF EGYPT, for damages in the amount of US $563,697.99, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

### COUNT III – ACCOUNT STATED
*Alleged Against All Defendants*

45.  AEG incorporates and realleges paragraphs 1-32 as if fully set forth herein.

46.  Prior to the institution of this action, AEG and AAF entered into the Agreement governed by the AEG General Terms and Conditions, pursuant to which each party agreed on the reasonable amount to be paid for the fuel and fuel services provided.

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

47. AEG and Puma promptly rendered each of the Invoices as fuel was provided and AAF or Angola has never objected to any of the Invoices or any of the amounts set forth in any Invoice. *See* **Exhibit C and Composite Exhibit D.**

48. AAF and Angola both benefited from the fuel sold and delivered by AEG and, accordingly, owe AEG the total amount of US $563,697.99 ($35,980,843.57 Mozambican Metical), as set forth in the Invoices, which is past due, plus interest.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, ANGOLAN AIR FORCE and the REPUBLIC OF ANGOLA, for compensatory damages in the amount of US $563,697.99, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

### COUNT IV – UNJUST ENRICHMENT
*Alleged Against All Defendants*

49. AEG incorporates and realleges paragraphs 1-32 as if fully set forth herein.

50. AEG furnished fuel and services to various Aircraft owned by AAF and Angola.

51. AAF and Angola knew of, accepted and retained the benefit of the fuel and services furnished by AEG without providing compensation for the fuel and services.

52. Specifically, AAF and Angola benefited from the Fuel provided by AEG because the Aircraft cannot operate without fuel and therefore would not be able to support all military operations and airborne defense missions for the benefit of the Defendants without the fuel provided by AEG.

53. AAF and Angola have failed and refused to pay AEG for the fuel provided, despite repeated demands.

54. Defendants wrongfully received over US $563,697.99 in value of fuel and services provided to the AAF and Angola aircraft without providing compensation to AEG for said fuel

and services. Defendants would be unjustly enriched should they be allowed to withhold payment to AEG.

55. It would be inequitable for Defendants to retain the benefit conferred—the fuel and fuel services provided—without paying the value thereof.

56. AEG has no adequate remedy at law.

57. As a result of the foregoing, AEG has suffered damages.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, ANGOLAN AIR FORCE and the REPUBLIC OF ANGOLA, for compensatory damages in the amount of US $563,697.99, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

## COUNT V – QUANTUM MERUIT
*Alleged Against All Defendants*

58. AEG incorporates and realleges paragraphs 1-32 as if fully set forth herein.

59. AEG conferred benefits upon AAF and Angola by supplying fuel to the aircraft owned by AAF.

60. EAF and Angola had knowledge of these benefits and accepted them.

61. AAF and Angola have failed and refuse to pay AEG for the fuel, despite repeated demands.

62. The reasonable value of the fuel provided, for which AEG has not been paid, is US $563,697.99.

63. As a direct and proximate result of AAF's and Angola's failure to pay for the fuel received, AEG has suffered damages.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, ANGOLAN AIR FORCE and the REPUBLIC OF ANGOLA, for

DUANE MORRIS LLP
201 South Biscayne Boulevard · Suite 3400 · Miami · Florida 33131 ·Tel: 305.960.2200

compensatory damages in the amount of US $563,697.99, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable

Dated this  7th day of December 2022

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Harold E. Patricoff*
Harold E. Patricoff
Florida Bar No. 508357
Priscila Bandeira
Florida Bar No. 1015229
201 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
Tel: 305.960.2200
HEPatricoff@duanemorris.com
PBandeira@duanemorris.com
*Counsel for Plaintiff*